IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHIBUEZE C. ANAEME,

                Plaintiff,                        3:11-cv-1161-ST

       v.                                FINDINGS AND
                                        RECOMMENDATIONS

UNITED STATES OF AMERICA, *et al*      TO GRANT IN FORMA
                                        PAUPERIS AND

                Defendants.        TO DISMISS

_____

STEWART, Magistrate Judge:

      Plaintiff, Chibueze C. Anaeme, who is representing himself, has applied to proceed *in forma pauperis* (docket #1). Because plaintiff indicates that he has no income or assets, his application to proceed *in forma pauperis* should be granted. However, for the reasons set forth below, his Complaint should be dismissed on the basis that it fails to state a claim and is frivolous.

///

1 - FINDING AND RECOMMENDATIONS

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FRCP 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does demand " more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (May 18, 2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*, quoting *Twombly*, 550 US at 555. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570.

///

///

## ALLEGATIONS

This Complaint is one of two nearly identical Complaints filed by plaintiff on the same day.  The other Complaint in Case No. 3:11-cv-1160-ST makes the same allegations, but against fewer defendants and based only on violations of the United States Constitution.

Plaintiff is a black male of African origin and a resident of New Mexico.   Complaint, ¶ 3.  He is and has been a registered pharmacist in Georgia and New Mexico and a Pharmacy Technician in Oregon , holds a Bachelors of Pharmacy degree, and is qualified to work as a pharmacist and pharmacy technician in Oregon.  *Id*, ¶¶ 32-33.

He names as defendants the United States of America and various Oregon defendants: the Oregon Board of Pharmacy and its members, the Oregon Department of Justice, and the Office of the Attorney General, Oregon, and many of its members.  *Id,* pp. 1-3, ¶¶ 4-6, 17-18. He also names a slew of defendants residing in San Diego, El Cajon, and Chula Vista California, including  members of the Superior Court of California, Office of the Public Defender for San Diego County, Office of Assigned Counsel for San Diego County, Office of the City Attorney for San Diego, San Diego Police Department, San Diego Harbor Police, San Diego County Sheriffs' Department, California State Policy Department, San Diego County Health and Human Services Agency, Heritage Security Services, San Diego Metropolitan Transit System, and various Veolia entities engaged in public transportation.  *Id*, pp. 3-25, ¶¶ 7-16, 19-27.

In April 2007, plaintiff submitted a completed application for transfer of his Pharmeceutic licensure by reciprocity to the Oregon Board of Pharmacy which was wrongfully denied, and remains wrongfully denied, without any legitimate reason.  *Id*, ¶¶ 28-29, 36-38.   As

a result, alleges that the Oregon defendants are liable to him in tort under the Federal Tort Claims

Act ("FTCA"), 28 USC §§ 1346, 1402, 2401, 2402, 2422, 2671 *et seq*. *Id*, ¶¶ 40-41.

From February 2009 to the present, without probable cause, he has been "intentional[ly],

repeatedly, maliciously, consistently and prejudicously [*sic*] victimized as in assault, battery,

intimidation, humiliation, harassment, attempted murder, false arrest, false imprisonment,

torture, malicious falsehood, malicious prosecution, conversion of legal documents, investigatory

and other property and objects of evidence to mention a few and thus has been severally injured

and damaged by" all individual defendants in California. *Id*, ¶¶ 30, 39.  He alleges no facts as to

when or how he was so victimized.  However, in later describing defendants' extreme and

outrageous acts, he refers to their attempts to "misinform and sabotage [his] efforts" to "maintain

and/or gain continued employment"  in the pharmacy field, "obtain his complete original and

complete copy of his case file[d] in Superior Court of California," "obtain his property of legal

documents, investigatory diaries, notes, papers and objects or article of evidence pertaining to all

his litigation and investigations," and "continue his several other litigation, investigations,

personal and professional obligations."  *Id*, ¶ 67.  As a result of this victimization, he alleges that

the California defendants are liable to him in tort under the same provisions of the FTCA.  *Id*,

¶¶ 42.

The Complaint alleges four Counts for Negligence (*id*, ¶¶ 43-47), Conspiracy (*id*, ¶¶ 27-

35), Disparate Treatment (*id*, ¶¶ 57-63), and Intentional Infliction of Emotional Distress (*id*,

¶¶ 64-69).   On each claim, plaintiff seeks unspecified damages.

///

///

4 - FINDING AND RECOMMENDATION

## <u>FINDINGS</u>

A review of the Complaint reveals that this court lacks both subject matter jurisdiction over all claims and lacks personal jurisdiction over most of the defendants.

## I. <u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F2d 1221, 1225 (9th Cir 1989). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992). Original jurisdiction must be based either on diversity of citizenship, involving suits involving more than $75,000 between citizens of different states, 28 USC § 1332, or on a claim involving the Constitution, laws, or treaties of the United States, 28 USC § 1331.

Plaintiff invokes federal question jurisdiction under 28 USC § 1331 based on claims alleged under the FTCA, and supplemental jurisdiction under 28 USC § 1337 over the remaining claims. However, federal question jurisdiction is unavailable if the federal claim upon which it is based is patently without merit. *Yokeno v. Mafnas*, 973 F2d 803, 808 (9th Cir 1992).

### A.  <u>FTCA</u>

By waiving the sovereign immunity of the United States to be sued, the FTCA gives federal courts jurisdiction over "civil actions on claims against the United States, for money damages." 28 USC § 1346(b). If plaintiff stated a viable claim under the FTCA against any

defendant, then this court would have subject matter jurisdiction.  However, the FTCA claims alleged by plaintiff all defective for several reasons.

First, the FTCA only waives sovereign immunity where the United States, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 USC § 1346(b).   Although plaintiff can sue the United States under the FTCA for the acts of its agents, the FTCA does not allow suit against any other entity or person, and certainly not against agencies or agents of the states of Oregon or California.  Therefore, plaintiff cannot state any claim under the FTCA against any defendant other than the United States.

Even though plaintiff may sue the United States under the FTCA, he makes no allegation that the United States, or any of its agencies or employees, did anything to him.  The only alleged act, namely a wrongful denial of his application for transfer of his pharmaceutic license, was done by the Oregon Board of Pharmacy which is an agency of the State of Oregon, not the United States.  Absolutely nothing in the Complaint leads to the conclusion that the United States committed any tort claim against plaintiff.

Second, even if the United States had committed any act against plaintiff, a tort claim under the FTCA is "forever barred" unless it is presented within two years after the claim accrues.  28 USC § 2401(b).  The only factual allegation by plaintiff is that the Oregon Board of Pharmacy denied his application in April 2007.   Plaintiff filed the Complaint on September 11, 2011, over four years later.  Therefore, any claim based on the denial of his application is clearly time-barred by the FTCA.

///

6 - FINDING AND RECOMMENDATION

**B.  Eleventh Amendment Immunity**

In addition to claims under the FTCA, plaintiff alludes to unspecified "other causes of action provided under the Unites States Constitution and laws of the applicable state." Complaint, p. 25.  However, the Eleventh Amendment bars a citizen from bringing suit against a state, or state agency or department, in federal court.[1] *Micomonaco v. State of Wash.,* 45 F3d 316, 319 (9th Cir 1995); *Pennhurst State School & Hosp. v. Halderman,* 465 US 89, 100 (1984).

There are two exceptions to Eleventh Amendment protection:  (1)  Congress can abrogate the Eleventh Amendment without the consent of the states in certain situations; and (2) a state may waive its immunity by consenting to suit in federal court but must do so by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."  *Atascadero State Hosp. v. Scanlon*, 473 US 234, 239-40 (1985), quoting *Edelman v. Jordan,* 415 US 651, 673 (1974) (internal quotation marks and additional citations omitted).

The State of Oregon has not consented to be sued in federal court or otherwise waived its immunity.  *Delong Corp v. Oregon State Hwy. Comm'n*, 343 F2d 911, 912 (9th Cir), *cert denied*, 382 US 877 (1965).  To this court's knowledge, the same is true of the State of California. Thus, plaintiff cannot sue the States of Oregon or California or any of their agencies in this court.

///

---

[1]  The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The same Eleventh Amendment immunity that applies to a state "also shields state officials from official capacity suits." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F3d 963, 967 (9th Cir 2010) (citation omitted), *cert. denied* 131 S Ct 1678 (2011). However, a plaintiff may seek "prospective declaratory or injunctive relief against state officers in their official capacities." *Los Angeles County Bar Ass'n v. Eu*, 979 F2d 697, 704 (9th Cir 1992) (citations omitted). Since plaintiff does not seek any declaratory or injunctive relief against any individual defendant, this court lacks jurisdiction over all of his claims against the individual defendants in their official capacities.

That leaves only potential claims against the individual defendants in their personal capacities. However, as noted below, this court lacks personal jurisdiction over the non-resident individual defendants. As for the individual defendants residing in Oregon, plaintiff alleges no claim against them premised on the violation of any law other than the FTCA.

Since plaintiff resides in New Mexico, he may seek to sue one or more individual defendants in Oregon in this court based on diversity jurisdiction. It appears that any such claim would be premised upon the denial of his application in April 2007. However, any claim based on "any injury to the person or rights of another, not arising on contract," including negligence and intentional infliction of emotional distress, is barred by the two-year statute of limitations in Oregon. ORS 12.110(1). This court can conceive of no potentially viable claim against any individual Oregon defendant that would not be time-barred.

## II. **Personal Jurisdiction**

Whenever a judgment is sought against a defendant personally, such as for money damages or an injunction, the court must have personal jurisdiction over the defendant. Plaintiff

8 - FINDING AND RECOMMENDATION

has the burden to allege and prove sufficient facts to establish personal jurisdiction over defendants. *Brainerd v. Governors of the Univ. of Alberta*, 873 F2d 1257, 1258 (9th Cir 1989). "[A] federal district court can assert personal jurisdiction to the extent authorized by a particular federal statute governing service of process for the action being heard or, where no such particularized statute applies, to the extent authorized by the law of the state in which the district court sits." *T.M. Hylwa, M.D., Inc. v. Palka*, 823 F2d 310, 312 (9th Cir 1987). Since there is no particular federal statute which governs service of process for the action alleged here, Oregon law applies.

Oregon permits a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." ORCP 4L. Oregon's long-arm statute is coextensive with the limits of federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F2d 758, 760 (9th Cir 1990). Thus, plaintiff must establish that jurisdiction is proper under Oregon's long arm statute and that it comports with the requirements of due process. *Lake v. Lake*, 817 F2d 1416, 1420 (9th Cir 1987).

A federal court can exercise general personal jurisdiction as to persons domiciled within the forum state at the time the action is commenced. *Milliken v. Meyer*, 311 US 457 (1940). In other words, this court has personal jurisdiction over residents of the state of Oregon.

With respect to a defendant who does not reside in Oregon, plaintiff must allege and prove this court has either general jurisdiction or specific jurisdiction over that defendant. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F2d 834, 839 (9th Cir 1986). General jurisdiction exists when a defendant has "continuous and systematic" or "substantial" contacts

with the forum state. *FDIC v. British-Am. Ins. Co.*, 828 F2d 1439, 1442 (9th Cir 1987); *Lake*, 817 F2d at 1420. To establish specific jurisdiction, a three-part test must be satisfied: "1) the nonresident defendant must have *purposefully availed* himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must *arise out of* or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be *reasonable*." *Roth v. Garcia Marquez*, 942 F2d 617, 620-21 (9th Cir 1991) (citations omitted; emphasis in original). The plaintiff must establish each of these factors for jurisdiction to lie. *McGlinchy v. Shell Chem. Co.*, 845 F2d 802, 817-l8 n10 (9th Cir 1988); *see also Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F2d 1392, 1397 (9th Cir 1986) (plaintiff bears burden of proving jurisdiction).

In other words, plaintiff's claims against nonresident defendants must arise out of their activities in Oregon. In the absence of any attempt to show that such defendants purposefully availed themselves of the privilege of conducting activities in Oregon, claims against such defendants must be dismissed for lack of personal jurisdiction. *See, e.g., Sher v. Johnson*, 911 F2d 1357, 1361 (9th Cir 1990); *Sanders v. United States*, 760 F2d 869, 871 (8th Cir 1985) (affirming dismissal under 28 USC § 1915(d) for want of personal jurisdiction).

Plaintiff names numerous individual defendants with addresses in San Diego, El Cajon, and Chula Vista, California. Yet he fails to allege any act or conduct by any of those defendants in Oregon. The only allegations against them in the Complaint are conclusory with no supporting facts. In fact, the only specific fact alleged is the denial by the Oregon Board of Pharmacy of his application for transfer of his pharmaceutic license. That fact has nothing to do with any of the California defendants. Plaintiff does make vague references to five "incidents"

involving five "John Doe" defendants that took place on public bus trips in San Diego, California, between July 26 and August 21, 2011.  Complaint, pp. 22-23.  However, nothing in the Complaint identifies how those incidents might justify personal jurisdiction over any of the California defendants in Oregon.  Therefore, it is clear from the face of the Complaint that this court lacks personal jurisdiction over all of the California defendants.

## III.  Leave to Amend

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the deficiency cannot be cured by amendment.  *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000) (citations omitted).  Viewing all allegations in the Complaint as true and construing all inferences in plaintiff's favor, this court concludes that the deficiencies in the Complaint cannot be cured by amendment.  Plaintiff cannot sue the United States under the FTCA for the acts of state official and can plead no claim that would fall within this court's subject matter jurisdiction as to the Oregon defendants or within this court's personal jurisdiction as to the California defendants.

## RECOMMENDATION

Based on the foregoing, plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED, and the Complaint should be DISMISSED with prejudice.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due October 24, 2011.  If no objections are filed, then these Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## **NOTICE**

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 7th day of October, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge